UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In the Matter of the Claim of
CHANTE WARE for minor children
DP (DP) and SS III (SS)

1:24-cv-140 (BKS/MJK)

-against-

VERIFIED COMPLAINT
JURY TRIAL DEMANDED

COUNTY OF SARATOGA
SARATOGA COUNTY SHERIFF'S OFFICE
SARATOGA COUNTY SHERRIFF DEPUTY JOHN DOE
In his individual and official capacities
NEW YORK STATE POLICE
NEW YORK STATE TROOPER JOHN DOE
In his individual and official capacities
TARGET CORPORATION

                               Defendants.
-----------------------------------------------------------------------x

Comes now the plaintiff CHANTE WARE for her minor children DP (hereinafter referred to as "DP") and SS III (hereinafter referred to as "SS"), by and through her attorneys Jasper Mills, Esq. and William T. Martin, Esq. complaining of the defendants the following charges under penalty of perjury and state that:

## JURISDICTION

1.      CHANTE WARE, brings this lawsuit under the United States Constitution, under the common law of the State of New York, and pursuant to Title 42 U.S.C. § 1983 et. seq. as well as under the statutory laws of the State of New York. This Court has subject matter jurisdiction of this lawsuit based on Title 28 U.S.C. §§1331 (federal question), 1343 (3) (equal rights), and 1367(a) (supplemental jurisdiction over state-law claims).

## VENUE

2. This Court is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(1) and all the events complained of occurred within the Northern District of New York, and that the defendant municipalities and individual defendants are located within the Northern District of New York, and, upon information and belief, all of the defendants reside within New York State.

## PARTIES

3. That That the plaintiffs are residents of the State of New York at the time of the alleged incident and at all times material to the averments in the complaint was in the Town of Clifton Park when the incidents which gave rise to this complaint occurred.

4. SS is a 14-year-old African-American male who resides in the City of Albany, New York and was at all times material to the complaint a resident of the State of New York when the averments of the complaint accrued.

5. DP is a 17-year-old African-American female who resides in the City of Albany, New York and was at all times material to the complaint a resident of the State of New York when the averments of the complaint accrued.

6. Saratoga County is a county in the U.S. State of New York responsible for the employ of the Saratoga County Sheriff's Office.

7. Saratoga County Sheriff's Office is the primary law enforcement executive in Saratoga County of the State of New York with an address of 6010 County Farm Rd, Ballston Spa, NY 12020.

8. New York State Police Department is the regional police force of the U.S. State of New York. The New York State Police Department is headquartered at 1220 Washington Ave # 24, Albany, NY 12226.

9. Target Corporation is an American retail corporation headquartered in Minneapolis, Minnesota. Target Corporation also maintains a corporate office at 521 W 25th St, New York, NY 10001. The incidents alleged in the complaint occurred at the Clifton Park Target located at 26 Crossing Blvd, Clifton Park, NY 12065.

10. Saratoga County Sheriff Deputy John Doe is an employee of the Saratoga County Sheriff's Office and was employed as a Deputy Sheriff who was acting within the scope of his authority at all times material to the averments in the complaint.

11. New York State Trooper John Doe is an employee of the New York State Police Department and was employed as a Trooper who was acting within the scope of his authority at all times material to the averments in the complaint.

## PRELIMINARY STATEMENT

12. On April 18th 2022, DP and SS, along with other members of their family, entered Target located in Clifton Park Commons in order to purchase household items and treats with money that was given to them for Easter.

13. Immediately upon entrance into the store DP and SS were followed by Target staff who made several racially charged statements directed to the group.

14. While walking toward the self-checkout portion of the store SS was approached by members of the Saratoga County Sheriff's Office and moments later members of the New York State Police who were called by members of the Target staff.

15. At the time that police were called there was no evidence that DP or SS committed any crime.

16. Despite being accused by the police of committing a crime, SS repeatedly told police that he had money and was purchasing the items from Target. At that point DP

approached the officers and attempted to tell the officers that SS is autistic and that he could not understand what the officer was saying.

17. Without any proof that a crime had been committed by SS or DP, the Sheriff Deputy that originally approached SS then forcibly grabbed him, making him cry as he continued to plead with the officer and tell him that he had money.

18. The deputy then slammed SS to the floor, got on top of SS, forced SS's arms behind his back and handcuffed him. This caused SS to suffer a head injury and recurring headaches for several days.

19. DP repeatedly told the officers that her brother has autism, but they did not listen and increase the level of physicality on SS.

20. Members of the New York State Police and the Sheriff's office then proceeded to manhandle DP as she attempted to stop the assault on her autistic brother. DP was slapped in the face by officers, slammed onto the ground, dragged by her arms and legs after being handcuffed and thrown into the back of a police car. This caused DP to suffer a head and back injury.

21. While being transported by a member of the New York State Police, the transporting Trooper made racially charged comments to DP, inclusive of but not limited to "Your people need to get out of Clifton Park".

22. DP was in custody for several hours prior to ultimately being released.

23. SS was never charged with a crime. DP received criminal charges.

24. SS and DP suffered severe physical and emotion harm as a result of these actions.

25. Plaintiffs served Notices of Claim on all municipal defendants within 90 days of the accrual of these claims.

26. Plaintiffs were examined by counsel for defendant Saratoga County and Saratoga County Sheriff's Office at an examination pursuant to NY General Municipal Law 50-h.

27. More than 90 days have passed since the plaintiffs' Notice of Claim was served and since the GML 50-h hearing and the claims herein have not been settled or adjusted.

## FIRST CAUSE OF ACTION

## 42 USC §1983

### UNLAWFUL SEIZURE

28. The plaintiff's repeats and realleges the averments previously set forth in paragraphs 1 – 27 and incorporated by reference as if fully set forth herein.

29. Defendants Saratoga County Sheriff's Office and New York State Police acting under color of state law, intentionally violated plaintiffs' rights protected by the 4th and 14th amendments to the U.S. Constitution which entitles them to be free from unreasonable searches and seizures and warrantless seizures by law enforcement officers are unlawful; and consequently, Defendants Saratoga County Sheriff's Office and New York State Police are liable to the plaintiffs for the injuries that their actions caused directly and proximately to the plaintiffs while they were acting within the scope of their authority.

30. The plaintiffs have been damaged as the result of the defendants' actions and conduct in an amount to be determined.

## SECOND CAUSE OF ACTION
## 42 USC §1983

### EXCESSIVE FORCE

31. The plaintiff's repeats and realleges the averments previously set forth in paragraphs 1 – 30 and incorporated by reference as if fully set forth herein.

32. Defendants Saratoga County Sheriff's Office and New York State Police, while acting under color of state law, intentionally violated plaintiffs' rights protected by the 4th and 14th amendments to the U.S. Constitution, by grabbing, slamming, hitting, dragging, pushing and pulling the plaintiffs in a forceful manner.

33. By, intentionally violating plaintiffs' rights, which are/were protected by the 4th and 14th amendments to the U.S. Constitution that guaranteed they would be free from the use of unreasonable and excessive force by law enforcement officers, defendants Saratoga County Sheriff's Office and New York State Police are therefore liable to the plaintiffs for the injuries directly and proximately caused by their actions.

34. The plaintiffs have been damaged as the result of the defendants' actions and conduct in an amount to be determined.

## THIRD CAUSE OF ACTION
## 42 USC §1983

### FALSE ARREST

35. The plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 34 as if the averments therein were fully set forth herein.

36. The plaintiffs were lawfully upon the premises of Target and had exhibited no indication of criminal conduct when police were called by defendant Target and they were confronted by a defendants Saratoga County Sheriff Deputy Joh Doe and New York State Trooper John Doe at the behest of defendant Target.

37. That at the time the plaintiffs encountered the defendants, who were in uniform, the commotion had subsided, and they were approaching the self-checkout portion of the store so that they could pay for their items.

38. The defendants immediately accosted the plaintiffs upon sight and proceeded to effect an arrest when they had not witnessed a crime, or have probable cause to physically detain, and restrain the plaintiffs.

39. The plaintiffs were arrested and charged with various crimes by the defendants after the defendants assaulted and brutalized the plaintiffs.

40. The police lacked probable cause to effect an arrest, and never conducted an investigation into the background facts before assaulting and battering the plaintiffs.

41. In order to establish a claim for false arrest a person must establish that (1) the police officers intended to arrest them; (2) the person was conscious of the arrest; (3) they did not consent to the arrest and (4) that the arrest was not otherwise privileged.

42. Based upon the foregoing the police intended to arrest the plaintiffs, who did not consent to their arrest and the arrest was without probable cause and violative of their constitutional rights.

43. The plaintiffs have been damaged as the result of the defendants' false arrest in an amount to be determined.

## FORTH CAUSE OF ACTION
## 42 USC §1983

## FALSE IMPRISONMENT

44. The plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 43 as if the averments therein were fully set forth herein.

45. False imprisonment is the act of restraining a person against his/her will in a bounded area without any justification. False imprisonment generally refers to the confinement of a person without the consent of such person or without legal authority.

46. Plaintiff SS was, without any justification restrained against his will and deprived the freedom of movement by the defendants without any indication or probable cause that a crime was committed.

47. The plaintiffs were physically assaulted and restrained in handcuffs and placed in the back of a police car by the defendants.

48. At all times material to the averments in the complaint the defendants restrained the plaintiffs upon sight. The defendants never bothered to investigate the circumstances which caused the police to be called to Target, nor was there any justification for such call to be made in the first place.

Based upon the foregoing the police intended to falsely imprison the plaintiffs, who did not consent to their arrest and/or imprisonment; the arrest was without probable cause and violative of their constitutional rights.

49. The plaintiffs have been damaged as the result of the defendants' false imprisonment in an amount to be determined.

## FIFTH CAUSE OF ACTION
## 42 USC §1983

### ASSAULT

50. The plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 49 as if the averments therein were fully set forth herein.

51. Under New York penal law, the definition of assault is intentionally striking another person, and causing injury to that person.

52. That the defendants immediately grabbed, restrained, manipulated, controlled and directed the physical contact against the plaintiffs and touched their bodies.

53. That the defendants struck, hit and physically abused the plaintiffs who were at a severe physical disadvantage and sustained physical injury during the physical encounter directed at them by the defendants.

54. The plaintiffs sustained physical injury when they were struck, slammed, dragged, pulled and taken into custody.

55. Based upon the foregoing the police intended to assault the plaintiffs, who did not consent to their assault which was unjustified.

56. The plaintiffs have been damaged as the result of the defendants' assault in an amount to be determined.

### SIXTH CAUSE OF ACTION
### 42 USC §1983

### BATTERY

57. The plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 56 as if the averments therein were fully set forth herein.

58. Battery is an unlawful application of force directly or indirectly upon another person or their personal belongings, causing bodily injury or offensive contact.

59. The plaintiffs were originally reported to police and approached by the defendants without justification and as a result of what plaintiffs contend is racial motivation.

60. Despite their being no indication or probable cause that the plaintiffs committed any crime, the defendant police officers failed to inquire of anyone what had transpired and immediately grabbed the plaintiffs and subjected them to an unwarranted assault.

61. Based upon the foregoing the defendant police officers intended to batter the plaintiffs, who did not consent to being battered or assaulted which was unjustified.

62. The plaintiffs have been damaged as the result of the defendants' battery in an amount to be determined.

## SEVENTH CAUSE OF ACTION
## 42 USC §1983

### INTENTIONAL INFLICTION of EMOTIONAL DISTRESS

63. The plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 62 as if the averments therein were fully set forth herein.

64. The tort of intentional infliction of emotional distress (IIED) occurs when one acts abominably or outrageously with intent to cause another to suffer severe emotional distress.

65. That the plaintiffs were children trying to purchase items from Target with money that they received from family for Easter when the police were called on them for discriminatory reasons and accosted by the defendants.

66. That the acts of the defendants were totally unwarranted. The plaintiffs, a teenage autistic boy and his sister, were hit, pushed and slammed to the ground by the defendants.

67. That the plaintiffs were subjected to public humiliation, and embarrassment as a result of this assault and battery in front of family and all other Target patrons inside of the store.

68. The entire melee was captured on video which subsequently went viral, and the incident was broadcast and viewed on the Internet.

69. That the plaintiffs were subjected to public humiliation, and embarrassment as a result of this false arrest, imprisonment, assault and battery in front of their family, friends, all of the Target patrons present, and the entire world.

70. Based upon the foregoing the defendants intended to intentionally inflict emotional distress by making a racially motivated call to the police, and assaulting and battering the plaintiffs, in public, which was unjustified.

10

71. The plaintiffs have been damaged as the result of the defendants' intentional infliction of emotional distress in an amount to be determined.

## EIGHTH CAUSE OF ACTION
## 42 USC §1983

## MALICIOUS PROSECUTION

72. The plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 – 71 as if the averments therein were fully set forth herein.

73. Defendants Saratoga County Sheriff's Office and New York State Police intentionally and without the right to do so maliciously arrested and was prepared to prosecute the plaintiffs on false charges and are liable to the plaintiffs for those injuries directly and proximately caused by their actions.

74. Defendant County of Saratoga is also liable for these torts pursuant to the doctrine of respondeat superior.

## NINTH CAUSE OF ACTION
## 42 USC §1983

## RESPONDEAT SUPERIOR - THE COUNTY OF SARATOGA

75. The plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 –74 as if the averments therein were fully set forth herein.

76. County of Saratoga is a political subdivision within the state of New York which provides governmental system for the residents and are responsible for the employ of the Saratoga County Sheriff's Office.

73. Defendant Saratoga County maintains a police department for the public welfare.

74. That the defendant police officers are employed by the Defendant Saratoga County, and at all times material to the averments of the complaint the defendant police officers were acting within the scope of their employment.

75. That the defendant Saratoga County failed to train, supervise, instruct, and/or monitor the defendant officers and as a result of that failure the defendant police officers were unaware of police practices and procedures which they violated in effecting the arrest of the plaintiffs.

76. Based upon the foregoing the defendant Saratoga County failed to train, supervise, instruct, and/or monitor the defendant officers police officers.

77. The plaintiffs have been damaged as the result of the defendant Saratoga County's failure to train, supervise, instruct and/or monitor for excessive force in an amount to be determined.

**WHEREFORE,** the plaintiffs demand judgment against the defendants jointly and severally on the following causes of action:

1. As and for a First cause of action for Unlawful Seizure damages in the amount of one million for each plaintiff as against the defendants jointly and severally;

2. As and for a Second cause of action for Excessive Force damages in the amount of one million for each plaintiff as against the defendants jointly and severally;

3. As and for the Third cause of action for False Arrest damages in the amount of one million for each plaintiff as against the defendants jointly and severally;

4. As and for a Fourth cause of action for False Imprisonment damages in the amount of one million for each plaintiff as against the defendants jointly and severally;

5. As and for a Fifth cause of action for Assault damages in the amount of one million for each plaintiff as against the defendants jointly and severally;

6. As and for a Sixth Cause of action for Battery damages in the amount of one million for each plaintiff as against the defendants jointly and severally;

7. As and for a Seventh cause of action Intentional Infliction of Emotional Distress against the defendants jointly and severally; damages in the amount of one million for each plaintiff.

8. As and for an Eighth cause of action Malicious Prosecution against the defendants jointly and severally; damages in the amount of one million for each plaintiff.

9. As and for a Nineth cause of action against the defendant County of Saratoga damages in the amount of one million for each plaintiff.

10. And such other and further relief as to this court seems just and proper.

11. The Plaintiffs demand a trial by jury as it pertains to this matter.

Dated: January 25, 2024

Respectfully submitted,

By: Jasper L. Mills, Esq. bar no. 702687
Attorney for Plaintiffs
Mills Law Group, PLLC
99 Pine Street, Suite 204
Albany, NY 12207
518-265-5494
Millslawgroup@outlook.com

## ATTORNEY VERIFICATION

I, Jasper L. Mills am legal counsel for the Claimants in the above-entitled action. I have read the foregoing COMPLAINT and know the contents thereof.

I am verifying the complaint on behalf of the plaintiffs, who do not reside within the County where I maintained my offices, on behalf of the Claimants and myself. I now attest that the contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

By: _____
Jasper L. Mills, Esq.

## VERIFICATION

STATE OF NEW YORK   )
                   ):ss:
COUNTY OF Albany   )

Chante Ware being duly sworn, says that (s)he is the Petitioner in the above-named proceeding and that the foregoing petition is true to (his)(her) own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters (s)he believes it to be true.

_____
Petitioner

Sworn to before me this
25th day of January, 2024

(Deputy) Clerk of the Court
  Notary Public

```
Jasper Lee Mills, III
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MI6387463
Qualified in Albany County
Commission Expires   February 11, 2028
```