UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHANTE WARE, for minor children DP (DP) and SS III (SS),

         Plaintiff,

                1:24-cv-140 (BKS/MJK)

v.

SARATOGA COUNTY SHERIFF DEPUTY JOHN DOE,
in his individual and official capacities,

         Defendant.
_____

**Appearances:**

*For Plaintiff*:
Jasper L. Mills
The Mills Law Group, PLLC
99 Pine Street, Suite 204
Albany, New York 12207

*For Defendant*:
Judith B. Aumand
Burke, Scolamiero & Hurd, LLP
7 Washington Square
P.O. Box 15085
Albany, New York 12212

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.   INTRODUCTION

   Plaintiff Chante Ware, on behalf of minor children DP and SS III, initiated this action against Defendant Saratoga County Sheriff Deputy John Doe, in his individual and official capacities, and others, by filing a verified complaint alleging causes of action under 42 U.S.C. § 1983 and New York State law for unlawful seizure, excessive force, false arrest, false

imprisonment, assault, battery, intentional infliction of emotional distress, malicious prosecution, and respondeat superior. (Dkt. No. 1.)[1]

Presently before the Court is Defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 7.) The motion is fully briefed. (Dkt. Nos. 26, 27.) For the following reasons, Defendant's motion to dismiss is granted and Plaintiff is granted leave to amend.

## II.     FACTS[2]

SS is a fourteen-year-old African-American male with autism. (Dkt. No. 1, ¶¶ 4, 16, 19–20, 66.) DP is a seventeen-year-old African-American female. (*Id.* ¶ 5.) SS and DP are siblings. (*Id.* ¶ 12, 19–20, 66.)

On April 18, 2022, DP and SS, along with other members or their family, entered a Target store located in Clifton Park, New York, "in order to purchase household items and treats with money that was given to them for Easter." (*Id.* ¶ 12.) "Immediately upon entrance into the store[,] DP and SS were followed by Target staff who made several racially charged statements directed to the group." (*Id*. ¶ 13.) "While walking toward the self-checkout portion of the store[,] SS was approached by members of the Saratoga County Sheriff's Office," and "moments later[,] members of the New York State Police who were called by members of the Target staff." (*Id.* ¶ 14.) "At the time that police were called[,] there was no evidence that DP or SS committed any crime." (*Id.* ¶ 15.) DP and SS "were lawfully upon the premises of Target and had exhibited no

---

[1] On May 8, 2024, Plaintiff consented to voluntary dismissal of Defendants County of Saratoga, Saratoga County Sheriff's Office, New York State Police, and New York State Police Trooper John Doe. (Dkt. Nos. 16–17.) On June 17, 2024, Plaintiff consented to voluntary dismissal of Defendant Target Corporation, (Dkt. No. 22). The Court dismissed Plaintiff's claims against Defendants County of Saratoga, Saratoga County Sheriff's Office, and Target Corporation, in accord with the parties' stipulation, on August 13, 2024. (Dkt. No. 31.)

[2] These facts are drawn from the complaint. (Dkt. No. 1). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

indication of criminal conduct when police were called" and "[D]efendants . . . had not witnessed a crime." (*Id.* ¶¶ 36, 38.)

"Despite being accused by the police of committing a crime, SS repeatedly told police that he had money and was purchasing the items []." (*Id.* ¶ 16.) "At that point[,] DP approached the officers and attempted to tell the officers that SS is autistic and that he could not understand what the officer was saying." (*Id.*) "Without any proof that a crime had been committed by SS or DP, the Sheriff Deputy that originally approached SS then forcibly grabbed him, making him cry as he continued to plead with the officer and tell him that he had money." (*Id.* ¶ 17.) "The deputy then slammed SS to the floor, got on top of SS, forced SS's arms behind his back and handcuffed him." (*Id.* ¶ 18.) This caused SS to suffer a head injury and recurring headaches for several days. (*Id.*) DP "repeatedly told the officers that her brother has autism, but they did not listen and increase[d] the level of physicality on SS." (*Id.* ¶ 19.)

"Members of the New York State Police and the Sheriff's office then proceeded to manhandle DP as she attempted to stop the assault on her autistic brother." (*Id.* ¶ 20.) "DP was slapped in the face by officers, slammed onto the ground. dragged by her arms and legs after being handcuffed and thrown into the back of a police car." (*Id.*) This caused DP to suffer a head and back injury. (*Id.*) "The entire melee was captured on video which subsequently went viral . . . ." (*Id*. ¶ 68.)

"While being transported by a member of the New York State Police. the transporting Trooper made racially charged comments to DP, inclusive of but not limited to 'Your people need to get out of Clifton Park[.]'" (*Id.* ¶ 21.) DP was in custody for several hours prior to ultimately being released. (*Id.* ¶ 22.) SS was never charged with a crime. (*Id.* ¶ 23.) DP received criminal charges. (*Id.*)

3

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York,* No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

### A. Abandoned Claims

As an initial matter, Defendant moves for dismissal of the entirety of the complaint, (Dkt. No. 7), but Plaintiff has only opposed Defendant's motion with respect to the claims of unlawful seizure, false arrest, excessive force, assault, and battery, (Dkt. No. 26). Plaintiff expressly abandons the claim for malicious prosecution. (*Id.* at 7 n.1.) And because Plaintiff has not opposed Defendant's motion with respect to the claims for false imprisonment or intentional infliction of emotional distress, the Court deems those claims abandoned as well.[3] *See Doe v. St.*

---

[3] Plaintiff's respondeat superior claim against the County of Saratoga was dismissed pursuant to the stipulation of the parties on August 13, 2024. (Dkt. No. 31.)

*Lawrence Univ.*, No. 23-cv-426, 2024 WL 1116454, at *14, 2024 U.S. Dist. LEXIS 44870, at *42–43 (N.D.N.Y. Mar. 14, 2024) (collecting cases); *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 449 (S.D.N.Y. 2018) (collecting cases); *see also Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (summary order) ("'[W]hen a party fails adequately to present arguments' in a brief, a court may properly 'consider those arguments abandoned,' especially 'in the case of a counseled party' where 'a court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.'" (second alteration in original) (first quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004); and then quoting *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014))). Accordingly, Plaintiff's claims for malicious prosecution, false imprisonment, and intentional infliction of emotional distress are dismissed.

Defendant also argues that Plaintiff has abandoned all claims on behalf of DP. (Dkt. No. 27, at 4.) It is not clear from Plaintiff's threadbare opposition to the motion to dismiss whether Plaintiff seeks to pursue claims on behalf of DP. But since Plaintiff refers to allegations involving DP in opposition to Defendant's motion, (Dkt. No. 26, at 4–5, 7–8), the Court will not deem them abandoned at this time.

**B.      Remaining Claims**

As to the remaining claims for unlawful seizure, excessive force, false arrest, assault, and battery, Defendant argues for dismissal on the basis that Plaintiff has failed to allege the personal involvement of Defendant in the incident underlying Plaintiff's claims. (Dkt. No. 7-1, at 8–10; Dkt. No. 27, at 5–6.) Plaintiff argues that Defendant's motion should be denied with respect to these claims. (Dkt. No. 26, at 6–8.)

It is well-settled that "the 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Victory v. Pataki*, 814 F.3d

5

47, 67 (2d Cir. 2016) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). That is, to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted). To do so, "a plaintiff must allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Here, Plaintiff alleges that SS and DP were "approached by *members* of the Saratoga County Sheriff's Office and moments later *members* of the New York State Police who were called by members of the Target staff." (Dkt. No. 1, ¶ 14 (emphases added).) Thus, based on Plaintiff's allegations, SS and DP were approached by multiple members of the Saratoga County Sheriff's Office and multiple members of the New York State Police. Plaintiff then alleges that "the Sheriff Deputy that originally approached SS . . . forcibly grabbed him," "slammed SS to the floor, got on top of SS, forced SS's arms behind his back and handcuffed him" that "[m]embers of the New York State Police and the Sheriff's office . . . manhandle[d] DP as she attempted to stop the assault on her autistic brother DP," and that SS "was slapped in the face by officers, slammed onto the ground, dragged by her arms and legs after being handcuffed and thrown into the back of a police car." (*Id.* ¶¶ 17–18, 20.) But Plaintiff does not allege that it was Defendant John Doe who committed these acts. The complaint includes only one substantive allegation involving Defendant John Doe: Plaintiff alleges that SS and DP "were lawfully upon the premises of Target and had exhibited no indication of criminal conduct when police were called by [] Target and they were confronted by a defendants [sic] Saratoga County Sheriff's Deputy Joh[n] Doe and New York State Trooper John Doe at the behest of [] Target." (*Id.* ¶ 36.) But Plaintiff does not allege a connection between the act of "confronting" SS and DP and the

6

alleged injuries suffered by SS and DP—that is, Plaintiff does not allege that it was Defendant John Doe who violated SS's and DP's constitutional rights. *See Sanders v. Simonovic*, No. 19-cv-5525, 2021 WL 707060, at *12, 2021 U.S. Dist. LEXIS 33677, at *28 (S.D.N.Y. Feb. 23, 2021) ("[W]here the complaint . . . contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." (quoting *McCoy v. Goord*, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003)).

Accordingly, Defendant's motion to dismiss is granted with respect to Plaintiff's § 1983 claims for unlawful seizure, excessive force, and false arrest. And having dismissed all of Plaintiff's § 1983 claims, the Court declines, in its discretion, to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims for assault and battery. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Plaintiff's state-law claims for assault and battery are therefore dismissed without prejudice.

### C. Leave to Amend

Plaintiff has not sought leave to amend. Nevertheless, under Federal Rule of Civil Procedure 15(a)(2) a court should "freely give leave [to amend] when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Under Rule 15(a), absent certain circumstances not at play here, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1)–(2). A court may, in its discretion, deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023). Here, Plaintiff asserts additional facts in his opposition

7

concerning Defendant. (Dkt. No. 26, at 4–8.) Based on these assertions, and the facts alleged in the complaint, it appears that amendment is not futile, and there does not appear to be good reason to deny leave to amend. Accordingly, the Court grants Plaintiff leave to amend the complaint. But Plaintiff may only amend as to claims for unlawful seizure, excessive force, false arrest, assault, and battery against Defendant Saratoga County Sheriff Deputy John Doe; Plaintiff may not amend with respect to claims that have been abandoned. Any amended complaint must specify what actions were taken by Defendant, as opposed to other law enforcement officers, and must specify whether Plaintiff is bringing any claims on behalf of DP.

## V.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss, (Dkt. No. 7), is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims for malicious prosecution, false imprisonment, and intentional infliction of emotional distress are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's claims for unlawful seizure, excessive force, and false arrest are **DISMISSED without prejudice**; and it is further

**ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims for assault and battery, and those claims are **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff is **GRANTED** leave to amend with respect to claims for unlawful seizure, excessive force, false arrest, assault, and battery; and it is further

**ORDERED** that any amended complaint must be filed within thirty days of the date of this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: <u>August 20, 2024</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge