**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHANTE WARE, for minor children DP (DP) and SS III (SS),

                        Plaintiffs,

v.

SARATOGA COUNTY SHERIFF DEPUTIES JOHN DOE 1-5 in their individual and official capacities,

                        Defendants.

1:24-cv-140
(ECC/MJK)

---

Jasper Lee Mills, III, Esq., *for Plaintiffs*
Judith B. Aumand, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Chante Ware, on behalf of minor children DP and SS III (SS), brought this action against various defendants pursuant to 42 U.S.C. § 1983 and New York state law. On August 20, 2024, Chief U.S. District Judge Brenda K. Sannes dismissed Plaintiff's original Complaint, without prejudice as to certain claims. Dkt. No. 32. Plaintiffs filed an Amended Complaint on September 19, 2024, Dkt. No. 33, and Defendants have moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. No. 36. The motion is fully briefed. Dkt. Nos. 39, 40. For the following reasons, Defendants' motion is denied.

I.      FACTS[1]

SS is a fourteen-year-old African-American male with autism.  Amended Complaint (AC) ¶¶ 4, 12, 15, Dkt. No. 33.  DP is a seventeen-year-old African-American female. *Id.* ¶ 5.  SS and DP are siblings.  *Id.* ¶¶ 15, 16.

On April 18, 2022, DP and SS, along with other members of their family, entered a Target store located in Clifton Park, New York, "in order to purchase household items and treats with money that was given to them for Easter."  AC ¶ 8.  "Immediately upon entrance into the store[,] DP and SS were followed by Target staff who made several racially charged statements directed to the group."  *Id.* ¶ 9.  "While walking toward the self-checkout portion of the store[,] SS was approached by [Defendants] Saratoga County Sheriff Deputies John Doe 1-5 and[,] moments later[,] members of the New York State Police who were called by members of the Target staff."  *Id.* ¶ 10.  "At the time that police were called there was no evidence that DP or SS committed any crime."  AC ¶ 11.

"Despite being accused by the police of committing a crime, SS repeatedly told the Saratoga County Sheriff Deputies John Doe 1-5 that he had money and was purchasing the items from Target."  AC ¶ 12.  "Without any proof that a crime had been committed by SS or DP, the Saratoga County Sheriff Deputies John Doe 1-5 that originally approached SS then forcibly grabbed him, making him cry as he continued to plead with the officer and tell him that he had money."  *Id.* ¶ 13.  "Defendant Saratoga County Sheriff Deputies John Doe 1-5 then slammed SS to the floor, got on top of SS, forced SS's arms behind his back and handcuffed him."  *Id.* ¶ 14.

---

[1] These facts are drawn from the Amended Complaint and the exhibits attached thereto.  The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"This caused SS to suffer a head injury and recurring headaches for several days." *Id.* "DP repeatedly told Saratoga County Sheriff Deputies John Doe 1-5 that her brother has autism, but they did not listen and increase[d] the level of physicality on SS." *Id.* ¶ 15.

"The Saratoga County Sheriff Deputies John Doe 1-5 then proceeded to manhandle DP as she attempted to stop the assault on her autistic brother." AC ¶ 16. "DP was slapped in the face by officers, slammed onto the ground, dragged by her arms and legs after being handcuffed and thrown into the back of a police car." *Id.* "This caused DP to suffer a head and back injury." *Id.*

"While being transported by a member of the New York State Police, the transporting Trooper made racially charged comments to DP, inclusive of but not limited to 'Your people need to get out of Clifton Park.'" AC ¶ 17. DP was in custody for several hours prior to ultimately being released. *Id.* ¶ 18. SS was placed in handcuffs by Saratoga County Sheriff Deputies John Doe 1-5 and remained in their custody in the back of a police car. *Id.* SS was never charged with a crime, however DP was criminally charged. *Id.* ¶ 19. "SS and DP suffered severe physical and emotional harm as a result" of the incident. *Id.* ¶ 20.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable

inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### A. Qualified Immunity

Defendants argue that dismissal of the Amended Complaint is warranted because they are entitled to qualified immunity. Defendants' Memorandum of Law (Def.'s MOL) at 7-9. Specifically, Defendants contend that "per the allegations of the Amended Complaint . . . it would be reasonable for the officers to believe that they acted appropriately in approaching SS" and it would "also be reasonable for officers to believe they acted appropriately in detaining both SS and DP[.]" *Id.* at 8-9. Plaintiff contends that qualified immunity does not apply to the Defendants. Plaintiff's Memorandum of Law (Pl.'s MOL) at 3-9.

Qualified immunity bars claims for damages against government officials sued individually for conduct undertaken in their official capacities. *Ziglar v. Abbasi*, 582 U.S. 120, 150-51 (2017). "Qualified immunity is designed to balance the 'competing interests' of allowing an 'avenue for vindication of constitutional guarantees,' and providing 'breathing room' for government officials 'to make reasonable but mistaken judgments about open legal questions.'" *Greco v. City of New York*, 686 F. Supp. 3d 191, 201 (E.D.N.Y. 2023) (quoting *Ziglar*, 582 U.S. at 150-51). To survive a qualified immunity defense, a plaintiff must plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Sabir v. Williams*, 52 F.4th 51, 58 (2d Cir. 2022) (cleaned up).

Qualified immunity is an affirmative defense and, as such, Defendants bear the burden of proving that the privilege of qualified immunity applies. *See Vincent v. Yelich*, 718 F.3d 157, 166 (2d Cir. 2013); *Coolick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012). The Second Circuit has made clear that it disfavors granting qualified immunity at the motion to dismiss stage. *See McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004) (*citing Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983)) (noting that usually "the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be granted"). A defendant asserting a qualified immunity defense on a motion to dismiss "faces a formidable hurdle . . . and is usually not successful." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 191–92 (2d Cir. 2006); *see also Chamberlain ex rel. Chamberlain v. City of White Plains,* 960 F.3d 100, 111 (2d Cir. 2020) ("[A]dvancing qualified immunity as grounds for a motion to dismiss is almost always a procedural mismatch."). In this context, the defense will succeed only where entitlement to qualified immunity can be established "based [solely] on the facts appearing on the face of the complaint." *McKenna*, 386 F.3d at 436.

Other than the false arrest claims, Defendants do not argue that the allegations in Plaintiffs' Amended Complaint are insufficient to state plausible claims for violations of Plaintiffs' constitutional rights under § 1983. Moreover, the right to be free from the category of constitutional violations alleged by Plaintiffs in their Amended Complaint was clearly established at the time of the underlying events. Based upon the facts asserted in the Amended Complaint, which the Court accepts as true, the "fact-intensive nature of the qualified immunity analysis," and the cursory argument presented by Defendants in their motion, dismissal on qualified immunity grounds is not warranted at this time.

### B. False Arrest

Defendants argue that Plaintiffs' false arrest claims should be dismissed, because there was probable cause for the Defendants to detain both SS and DP. Defendants also argue that dismissal of SS's false arrest claim is warranted because SS was never "arrested," only "briefly detained." Finally, Defendants assert that, "upon information and belief," DP pled guilty to the charges brought against her, thereby defeating DP's false arrest claim. Def.'s MOL at 6-8. Plaintiffs argue that dismissal of the false arrest claim is not warranted, because the Defendants lacked probable cause to arrest the Plaintiffs. Pl.'s MOL at 39.

"The elements necessary to state a claim for false arrest under § 1983 are the same as those necessary to state a claim for false arrest under New York law." *Kraft v. City of New York*, 696 F. Supp. 2d 403, 418 (S.D.N.Y. 2010), *aff'd*, 441 F. App'x 24 (2d Cir. 2011) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified." *Id.* (citing *Posr v. Doherty*, 944 F.2d 91, 97 (2d Cir. 1991)). "Interpreting . . . New York law in the context of federal civil rights actions, [the Second Circuit] has uniformly rejected Fourth Amendment false arrest claims premised on lawful arrests supported by probable cause." *Russo v. City of Bridgeport*, 479 F.3d 196, 203–04 (2d Cir. 2007) (collecting cases); *see also Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (noting that, since "probable cause to arrest constitutes justification, there can be no claim for false arrest [or unlawful imprisonment] where the arresting officer had probable cause").

Here, Plaintiffs' allegations of unlawful seizure and false arrest are sufficient to survive Defendants' motion to dismiss on the pleadings. As to Defendants' first point, their argument that probable caused existed because "there is some indication [in the Amended Complaint] that the

6

Sheriff's Department was advised that SS and/or DP had committed a crime," Def.'s MOL at 10, is unpersuasive. Although Plaintiffs allege that law enforcement was *called* to the store, they also allege that "there was no evidence that DP or SS committed any crime" at the time of the call, and make further allegations suggesting that the call to law enforcement was motivated by the Plaintiffs' race. AC ¶¶ 9-12, 13, 17.

With respect to SS, even if he was never formally arrested, "a plaintiff need not show that there was a formal arrest to state a valid § 1983 claim." *Petway v. City of New York*, No. 02-cv-2715, 2005 WL 2137805, at *11 (E.D.N.Y. Sept. 2, 2005); *see also Posr v. Doherty,* 944 F.2d 91, 99 (2d Cir. 1991) (finding that even without a formal arrest, a plaintiff was sufficiently "arrested" and "seized" for false arrest and § 1983 purposes when an officer "slammed" the plaintiff against a wall). However, to the extent the claims for unlawful seizure are premised on Plaintiffs' "arrest," they are duplicative of the false arrest claims and should be construed as one claim by each Plaintiff. *See Jackson v. City of New York*, 29 F. Supp. 3d 161, 169 n.8 (E.D.N.Y. 2014) (claims for "illegal search and seizure of the person, false arrest, unlawful detention, and false imprisonment" were duplicative and thus construed as "one claim for false arrest); *Ivery v. Baldauf*, 284 F. Supp. 3d 426, 434 (W.D.N.Y. 2018) ("[T]he false-arrest and illegal-seizure claims are properly asserted in a single count, inasmuch as they both arise from the same rights guaranteed by the Fourth Amendment.").

Finally, the Court recognizes that "by pleading guilty to the crimes charged resulting from [a] purportedly false arrest, or to any lesser-included offenses to resolve all of the crimes charged, a plaintiff concedes as a matter of law that there was probable cause for all charges covered by the plea agreement." *Jones v. Rivera*, No. 13-cv-1042, 2015 WL 8362766, at *4 (S.D.N.Y. Dec. 7, 2015) (citing *Timmins v. Toto*, 91 F. App'x 165, 166–67 (2d Cir. 2004) and *Cameron v. Fogarty*,

7

806 F.2d 380, 387–89 (2d Cir. 1986)).  A plaintiff "'can under no circumstances recover' under § 1983 for false arrest if he pleaded guilty to the offense for which he was arrested." *Parkinson v. Town of Niskayuna*, No. 1:22-cv-70 (BKS/CFH), 2023 WL 8574309, at *4 (N.D.N.Y. Dec. 11, 2023) (citing *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986)).  Here, however, where the Plaintiffs have alleged the absence of probable cause to arrest DP, and the Amended Complaint does not address the disposition of any criminal charges against the Plaintiffs, it would be improper to dismiss this claim at the pleading stage based on the unsupported belief of the Defendants.  However, if the factual findings reveal that DP in fact pled guilty to the crimes charged resulting from his purported arrest, then dismissal will likely be appropriate.

### IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss the Amended Complaint, Dkt. No. 36, is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 13, 2025

_____
Elizabeth C. Coombe
U.S. District Judge